UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIRA DIAZ, et al., | Case No. 15-cv-01150-HSG |
| Plaintiffs, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | **Dkt. Nos. 31 & 41.** |

Before the Court is the Amended Motion to Remand filed by Plaintiffs Yadira Diaz and Alex Bastidas ("Plaintiffs"). Dkt. No. 41 ("Mot."). Plaintiffs assert there was never diversity jurisdiction to remove their state-law causes of action for fraud, negligent misrepresentation, and aiding and abetting breach of fiduciary duty against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Trident Financial Group, Inc. ("Trident") (collectively, "Defendants"). *Id.*

Pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78(b), this motion was deemed suitable for disposition without oral argument. Dkt No. 48. The Court has carefully considered the parties' written submissions and hereby **GRANTS** Plaintiffs' motion to remand, **DENIES** Plaintiffs' request for attorneys' fees and costs, and **DENIES** without prejudice Defendants' pending motion to dismiss, Dkt. No. 31, for want of subject matter jurisdiction.

## I.      BACKGROUND

This case arises from a $485,000 loan that Plaintiffs obtained from Defendant Wells Fargo's predecessor-in-interest[1] through Trident, their mortgage broker, to refinance their home mortgage. Dkt. No. 29 ("FAC") ¶¶ 14, 16, 36. Plaintiffs allege that Trident, in breach of its

---

[1] As with many mortgages, Wells Fargo may not have been the original beneficiary of the loan underlying Plaintiffs' refinancing. Because it is not material to Plaintiffs' motion to remand, the Court will not recite the long chain of loan beneficiaries that preceded Wells Fargo and will use the name "Wells Fargo" herein to interchangeably refer to it and its predecessors-in-interest.

United States District Court
Northern District of California

1  fiduciary duty, conspired with Wells Fargo to misrepresent or otherwise conceal the fact that

2  Plaintiffs qualified for lower refinancing rates in exchange for a "kickback" payment.  *Id.* ¶¶ 15,

3  17-20 & 22.  Plaintiffs allege that they reasonably relied on Trident, as their broker, to provide

4  non-misleading and complete information regarding potential refinancing options.  *Id.* ¶¶ 23-24.

5    After Wells Fargo initiated non-judicial foreclosure proceedings against Plaintiffs for an

6  alleged default, Plaintiffs filed a complaint in San Mateo County Superior Court on February 6,

7  2015, against Defendants and the now-dismissed entity Cal-Western Reconveyance LLC, the

8  trustee of the loan.  *See id.* ¶ 32; *see also* Dkt. No. 1, Ex. A.  In that original complaint, Plaintiffs

9  alleged that Defendants and Cal-Western violated various provisions of California's Homeowner's

10  Bill of Rights (Cal. Civ. Code § 2935.55, *et seq.*) regarding the non-judicial foreclosure, as well as

11  statutory causes of action for fraud, negligent misrepresentation, and aiding and abetting breach of

12  fiduciary duty.  Dkt. No. 1, Ex. A.  Defendants then rescinded the foreclosure.  Dkt. No. 42 at 2.

13    On March 11, 2015, Defendants removed the state-court action to this Court on the basis of

14  diversity jurisdiction.  Dkt. No. 1 at 2-7; *see also* 28 U.S.C. § 1332 (diversity statute).  Defendants

15  claimed that there was complete diversity because (1) Plaintiffs are California residents, (2) Wells

16  Fargo is a South Dakota resident, and (3) Cal-Western and Trident, California residents, should be

17  disregarded for the purpose of jurisdictional analysis under the doctrine of fraudulent joinder.  Dkt.

18  No. 3-7.  Defendants then moved to dismiss on April 9, 2015, Dkt. No. 18, and Plaintiffs moved to

19  remand, Dkt. No. 20.  When Defendants opposed remand, Dkt. No. 26, Plaintiffs amended their

20  complaint to withdraw the mooted foreclosure causes of action as well as Cal-Western, seemingly

21  because it was named only in connection with their foreclosure defense.  *See* Dkt. No. 29.  The

22  remaining Defendants again moved to dismiss the amended complaint.  Dkt. No. 31.

23    In response, Plaintiffs again move to remand.  Plaintiffs contend that there is neither

24  complete diversity nor a sufficient amount in controversy to support diversity jurisdiction.  *Id.*

25  Because Defendant's remand was allegedly improper, Plaintiffs request attorneys' fees and costs.

26  *Id.* at 12-13.  Defendants respond, as they did in their notice of removal, that Trident should be

27  disregarded for the purpose of jurisdictional analysis because Plaintiffs' claims against it are time-

28  barred, and it was joined only to destroy complete diversity of the parties.  Dkt. No. 42 ("Opp.") at

3-10.  Defendants also contest that there is an insufficient amount in controversy.  *Id.* at 10-11.

## II.     LEGAL STANDARD

A defendant may remove a state-court action to federal court on the basis of diversity of citizenship.  28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1332.  Diversity jurisdiction exists only where there is: (1) complete diversity between the residency of the plaintiffs and the defendants; and (2) a sufficient amount in controversy.  28 U.S.C. 1332(a).  Where either of those elements of diversity are lacking, federal courts must remand the action to the state court.  *See id.* § 1447(c).

A district court may disregard a non-diverse party and retain federal jurisdiction, however, if the party resisting removal can show that the non-diverse party was fraudulently joined.  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  Joinder is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Id.* (internal marks omitted).  Where the plaintiff's causes of action against the resident defendant are facially time-barred, the plaintiff fails to state a cause of action for removal purposes.  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319-20 (9th Cir. 1998).

That said, there is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden."  *Hunter*, 582 F.3d at 1046.  Defendants must "show that the individuals joined in the action cannot be liable on any theory," *Ritchey*, 139 F.3d at 1318, and that "there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant," *Good v. Prudential Ins. Co. of Am.*, 5. F. Supp. 2d 804, 807 (N.D. Cal. 1998).  The Court must "resolve all material ambiguities in state law in [favor of remand]."  *Macey v. Allstate Prop. and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).  And "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).  If jurisdictional facts are in dispute, the party resisting remand must prove that it is inappropriate by clear and convincing evidence.  *Hamilton Mats., Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

United States District Court
Northern District of California

III.    DISCUSSION

   A.    Fraudulent Joinder

There is no dispute that Plaintiffs and Trident are residents of the same state.  Opp. at 3. Unless Defendants can show that Trident is fraudulently joined and the Court can disregard its citizenship for the purpose of establishing diversity, then this action must be remanded for want of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

In their opposition to remand, Defendants do not contend that Plaintiffs have failed to state a cause of action against Trident.[2]  Instead, Defendants press that Trident is fraudulently joined because all of Plaintiffs' causes of action against Trident are facially time-barred and are not equitably tolled.  Opp. at 3-10.  To determine whether that is true, the Court must first determine the applicable limitations periods.  Plaintiffs' causes of action against Trident are as follows: (1) statutory fraud (Cal. Civ. P. Code § 1572); and (2) common law negligent misrepresentation.  Dkt. No. 29 at 7-11.

   1.    Applicable Statutes of Limitations

Under California law, the applicable statute of limitations depends on the "substance" or "gravamen" of the action rather than on the form of the pleading.  *Hensler v. City of Glendale*, 8 Cal. 4th 1, 22-23 (1994); 3 Bernard E. Witkin, California Procedure (Actions) § 431, at p. 548 (5th ed. 2008).  For Plaintiffs' fraud cause of action, California Civil Procedure Code § 338(d) provides a three-year limitations period.  For negligent misrepresentation, the limitations period may be two or three years depending on whether the cause of action as alleged sounds in negligence or fraud.  *See Ventura Cnty. Nat'l Bank v. Macker*, 49 Cal. App. 4th 1528, 1530-31 (1996).  Because it is clear that Plaintiffs' negligent misrepresentation cause of action, although styled as negligence, sounds in fraud, the Court will apply the three-year limitations period under

---

[2] It should be noted that Defendants have filed a separate motion to dismiss, which the Court does not consider in connection with their opposition to remand.  *See* Dkt. No. 31.  Even if the Court were to consider those arguments, it would not change the outcome.  Apart from the same limitations arguments discussed here, Defendants' motion to dismiss uniquely contends only that Plaintiffs' claims against Trident fail only for lack of pleading particularity under Federal Rule of Civil Procedure 9(b).  *See id.* at 3-10.  But, "[a]ll doubts concerning the sufficiency of a cause of action because of . . . technically defective pleading must be resolved in favor of remand."  *Gaus*, 980 F.2d at 566-67.  The Court would resolve any deficiencies in Plaintiffs' favor in this context.

United States District Court
Northern District of California

1    Section 338(d).  *See* Dkt. 29 at 11 ¶ 52 (complaint describes Trident's conduct underlying

2    negligent misrepresentation cause of action as "fraudulent").  Accordingly, the Court applies

3    three-year limitations periods to Plaintiffs' causes of action against Trident.

### 2.    Completion of Causes of Action

5         The Court must next determine when Plaintiffs' causes of actions were complete to

6    calculate whether they are facially time-barred under the applicable three-year limitations periods.

7    "[O]rdinarily, the statute of limitations runs from the occurrence of the last element essential to the

8    cause of action."  *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191 (2013).  Unfortunately,

9    as Defendants point out, Plaintiffs fail to allege when any of Trident's purportedly fraudulent

10   conduct occurred.  To establish the relevant dates, Defendants request judicial notice of the deed

11   of trust ("Deed of Trust") that secured the underlying promissory note for the refinancing on

12   which Plaintiffs sue.  Dkt. No. 43 at 1 & Ex. A.  The Deed of Trust, which Wells Fargo's title

13   company publicly recorded in the official records of San Mateo County, California, on March 20,

14   2006, is dated February 26, 2006.  *Id.*  Because the Deed of Trust is publicly recorded, *see id.*, and

15   because Plaintiffs incorporate the Deed of Trust by reference into their complaint, Dkt. No. 29 at 4

16   ¶ 14, the Court takes judicial notice of it.  *See* Fed. R. Evid. 201(b); *Gamboa v. Tr. Corps & Cent.*

17   *Mortg. Loan Servicing Co.*, No. 09-0007, 2009 WL 656285, at **2-3 (N.D. Cal. Mar. 12, 2009)

18   (taking judicial notice of publicly-recorded deed of trust that was also incorporated by reference).

19   Defendants argue that because Plaintiffs allege Trident's allegedly fraudulent conduct occurred in

20   order to induce them into executing the promissory note underlying the Deed of Trust, Dkt. No. 29

21   at 4-6 ¶¶ 14-31, the last element essential to Plaintiffs' causes of action must have occurred on or

22   before February 26, 2006.   That date is about nine years before the state-court action was filed.

23   Dkt No. 1 at 1.  Accordingly, Plaintiffs' causes of action against Trident are facially time-barred.

### 3.    The Doctrine of Delayed Discovery (The Discovery Rule)

25        Plaintiffs respond, however, that the doctrine of delayed discovery (commonly known as

26   the discovery rule) precluded their causes of action against Trident from accruing until they met

27   with their attorney to defend against Wells Fargo's impending foreclosure action in April 2014.

28   Mot. at 8-10.  Before that time, Plaintiffs contend they had no reason to suspect that Trident had

United States District Court
Northern District of California

United States District Court
Northern District of California

1    conspired with Wells Fargo to fraudulently conceal the availability of lower interest rates for their

2    mortgage refinancing.  Mot. at 8-9; *see also* Dkt. No. 29 at 6 ¶ 30 ("Plaintiffs allege there were not

3    any facts presented to them that would have alerted them to the conspiracy between WELLS and

4    their broker TRIDENT until Plaintiffs met with their attorney in April of 2014.").  To that effect,

5    Plaintiffs allege that the scope of their duty to inquire about any potential misconduct was lessened

6    because Trident owed them a fiduciary duty as their mortgage broker.  Dkt. No. 29 at 5 ¶¶ 21, 26.[3]

7         In California, the discovery rule "postpones accrual of a cause of action until the plaintiff

8    discovers, or has reason to discover, the cause of action."  *Norgart v. Upjohn Co.*, 21 Cal. 4th 383,

9    395-96 (1999).  "A plaintiff has reason to discover a cause of action when he or she has reason at

10   least to suspect a factual basis for its elements."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th

11   797, 807 (2005).  For that reason, "[t]he discovery rule only delays accrual until the plaintiff has,

12   or should have, inquiry notice of the cause of action . . . .  In other words, plaintiffs are required to

13   conduct a reasonable investigation after becoming aware of an injury, and are charged with

14   knowledge of the information that would have been revealed by such an investigation."  *Id.* at 808.

15   The existence of a fiduciary relationship between the parties may lessen the duty of a plaintiff to

16   investigate potential wrongdoing, especially where the plaintiff is not already on inquiry notice.

17   *Prudential Home Mortg. Co. v. Super. Ct.*, 66 Cal. App. 4th 1236, 1248 (1998).

18        Defendants contend that the discovery rule does not salvage Plaintiffs' facially time-barred

19   causes of action.  They argue that, as an initial matter, Plaintiffs did not plead facts sufficient to

20   allege delayed discovery.  Opp. at 5.  Even if they did, Plaintiffs were at least on inquiry notice of

21   any wrongdoing that Trident allegedly committed because Plaintiffs "knew that the monthly

22   payment amount or other charges were different than that allegedly promised by Trident, and they

23   obviously knew when the payment amount adjusted according to the terms of their loan."  *Id.* at 7.

24   For that reason, according to Defendants, the fact that Trident may have been Plaintiffs' fiduciary

25   is irrelevant to whether they were on inquiry notice of alleged wrongdoing.  *Id.* at 6.

26        The Court agrees with Plaintiffs.  Defendants misconstrue the nature of Plaintiffs' theory

27

28   [3] Plaintiffs also argue equitable tolling based on the doctrine of fraudulent concealment and civil
     conspiracy.  The Court does not need to reach these issues, for the reasons set forth below.

against Trident.  Plaintiffs' claim is that Wells Fargo paid Trident a "kickback" to fraudulently conceal lower lending rates from Plaintiffs in order to induce them into executing a less favorable promissory note with Wells Fargo.[4]  Plaintiffs do not allege that the Deed of Trust or the underlying note that Plaintiffs executed with Wells Fargo through Trident were improper on their face.  The causes of action focus exclusively on the fact that, outside of the four corners of the loan agreement and Trident's representations, there were better rates available to Plaintiffs in the market that Trident knew about and, as a fiduciary, did not disclose to them.  As a matter of law, and especially in the context of the heavy burden of proving fraudulent joinder, there is nothing about the transaction itself that would have alerted Plaintiffs to the fact that Trident engaged in a purported fraud.  Because a reasonable person would not have been put on notice by the facts alleged in the complaint, the Court need not resolve whether Trident's fiduciary duty to Plaintiffs altered the discovery rule.  Accordingly, Plaintiffs' amended motion to remand is GRANTED.

### B.   Plaintiffs' Request for Attorneys' Fees and Costs Is Denied

Plaintiffs request an award of their attorneys' fees and costs. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  "[A]bsent unusual circumstances," however, "attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  "Whether a removal is improper is not dispositive in determining whether fees should be awarded." *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007).

Defendants did not have an objectively unreasonable basis for removal and there are no unusual circumstances present.  It is undisputed that Plaintiffs' causes of action against Trident are facially time-barred, and that fact could under some circumstances support a finding of fraudulent joinder under Ninth Circuit precedent.  For those reasons, the Court finds that Defendants had an objectively reasonable basis to remove the action.  Accordingly, Plaintiffs' request for attorneys' fees and costs is DENIED.

---

[4] The Court does not scrutinize whether this theory states a claim, but determines only whether Plaintiffs' causes of action are plainly time-barred as pled.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**IV.    CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Plaintiffs' amended motion to remand, Dkt. No. 41, DENIES Plaintiffs' request for attorneys' fees and costs, *id.*, and DENIES WITHOUT PREJUDICE Defendants' motion to dismiss, Dkt. No. 31, for want of subject matter jurisdiction.  This action is hereby REMANDED under 28 U.S.C. § 1447(c) to the Superior Court of California for the County of San Mateo.  The Clerk of this Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court and close this case displaying all pending motions as resolved.

**IT IS SO ORDERED.**

Dated: November 16, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge